## THOMAS ET AL *v.* TOWN OF LONG BEACH.

[71 South. 570.]

MUNICIPAL CORPORATIONS.  *Exclusion of territory.  Interest of inhabitants.  Evidence.  Extension.*

Where the residents and property owners of territory embraced in an extension of a town, filed a petition under Code 1906, section 3307, to exclude such territory from the corporate limits of town, and it appears from the evidence, that neither the interest of the inhabitants of the town as it will remain in event the territory in question shall be excluded therefrom, nor of the inhabitants of the territory sought to be excluded, will in any wise be conserved by the retention of such territory within the corporate limits of the town.  In such case the petition should be granted.

APPEAL from the circuit court of Harrison county.
HON. J. J. BALLENGER, Judge.

Petition by James Thomas and others against the Town of Long Beach.  From a judgment for defendant, plaintiff appeals.

The town of Long Beach was incorporated in 1905 under the Code chapter on municipalities.  In 1907, the boundaries were extended so as to embrace certain territory about a mile in length and half a mile in width, a large part of which was cultivated as truck patches and was sparsely settled.  It seems from the record that the reason for extending the corporate limits was that at the time the extension was made it was feared that a liquor saloon would be opened in this territory, which at that time was just adjacent to the corporate limits of the town of Long Beach, and the town council, being opposed to the issuance of liquor licenses, extended the limits so as to embrace this territory and thus avoid the possibility of a liquor saloon in the immediate proximity.  On January 1, 1909, a state prohibition law went into effect, so that the necessity which prompted the municipal council to take this action no longer exists.  In December,

1913, appellants, who are residents and property owners of the territory embraced in the extension referred to, filed a petition, under section 3307 of the Code of 1906, praying the board of mayor and aldermen to exclude the territory in question from the corporate limits of said town. Section 3307 of the Code provides that:

"If the limits of any city, town, or village shall be unreasonably extended or contracted, any person interested may, after two years from the time when the limits were fixed, whether fixed under this chapter or heretofore, petition the municipal authorities thereof for a contraction or extension of the limits."

This section also provides that either party may appeal to the circuit court, and that the question to be tried shall be whether the existing limits be or be not reasonable, and that the circuit court shall direct the municipal authorities to pass an ordinance conforming to the judgment of the court, in case the limits are found to be unreasonable. It is further provided that:

"Reasonable and unreasonable as used in this section must be construed as relating to the interests of the entire municipality."

On the trial it was shown that the territory was sparsely settled and that the territory in this extension paid about twenty per cent. of the taxes of the municipality annually and received very little benefit in the way of improvements made by the municipality, and it further appeared that out of the entire population of about one thousand, one hundred people only thirty-one resided in this territory. It further appeared that about one-half of the taxes paid in this territory were paid by the Louisville & Nashville Railroad Company and Gulf Coast Traction Company, both of which had lines running through the town, and neither of which joined in the petition to exclude the territory. The case was submitted to a jury under instructions of the court and a verdict returned declaring the present corporate limits to be reasonable, and the petitioners appealed.

*T. M. Evans, J. O. Thomas, A. H. Longino* and *Robt. Ricketts,* for appellant.

*Hanun Gardner,* for appellee.

SMITH, C. J., delivered the opinion of the court .

The verdict of the jury finds no support in the evidence, for the reason that it is manifest from the evidence, in which there is no material conflict, when viewed in the light of the rule announced in *Forbes* v. *Meridian,* 86 Miss. 243, 38 So. 676, that neither the interests of the inhabitants of the town of Long Beach as it will remain in event the territory here in question shall be excluded therefrom, nor of the inhabitants of the territory here sought to be excluded, will be in any wise conserved by the retention of such territory within appellee's corporate limits.

*Reversed and remanded.*