WHEAT *et al. v.* TOWN OF POPLARVILLE.*

(Division B.    Nov. 22, 1926.)

[110 So. 434.    No. 25978.]

MUNICIPAL CORPORATIONS.    *Question of changing corporate limits may be
relitigated after expiration of two years from ordinance fixing
limits* (*Hemingway's Code, section* 5803).

Under Code 1906, section 3307 (Hemingway's Code, section 5803),
authorizing petition for contraction or extension of corporate
limits of municipalities, question of changing limits may be re-
litigated after expiration of two years from last ordinance fixing
limits.

*Corpus Juris-Cyc. References: Municipal Corporations, 28 Cyc, p.
199, n. 26.

APPEAL from circuit court of Pearl River county.

HON. J. Q. LANGSTON, Judge.

Petition by Charles Wheat and others against the
Town of Poplarville.    Judgment for defendant, and
plaintiffs appeal.    Reversed and remanded.

*J. M. Morse, Jr.,* for appellants.

The principle of *res adjudicata* involved by the appel-
lee in this case does not apply.    The best definition of
*res adjudicata* is given in 34 C. J., Judgments, 1154, page
742.    The appellee does not contend and the pleadings
do not show that any of the parties in the present suit

were parties to the suit of *Thomas Stewart et al.* v. *Town of Poplarville;* and of parties, they can be classed only as parties under the holding in *County* v. *Buckley,* 85 Miss. 713, 34 C. J. 1459, page 1028.

As can be seen by an inspection of the petition, only the east boundaries of the town are affected in the present suit, which were not affected in the former suit. The appeal in the present case is from an ordinance of the town council, not from a judgment of the court, because the court only has such jurisdiction as is delegated by statute.

To be *res adjudicata,* the judgment of the court ordering the mayor and board of aldermen to pass an ordinance contracting the city limits must be binding alike on the "persons interested," the inhabitants, taxpayers, and the municipality. 34 C. J., 1407, page 988. Section 3307, Code of 1906 (section 5803, Hemingway's Code), covers this case.

After two years any person interested, "whether fixed under this chapter or heretofore" has the right to "petition the municipal authorities."

*J. C. Shivers,* for appellee.

The fixing of the corporate limits of a municipality is entirely controlled by statute. Section 5797, Hemingway's Code (section 3301, Code of 1906) provides for an extension or contraction of territory by a municipality and section 5799, Hemingway's Code (section 3303, Code of 1906) provides for an appeal from any action of the mayor and board of aldermen taken under the former section. If no appeal is taken from an extension, when the ordinance is adopted, then section 5803, Hemingway's Code (section 3307, Code of 1906) provides how any party interested may obtain relief, either from an extension or contraction previously made, but provides that the petition cannot be filed until two years after the

ordinance extending or contracting the limits has been in force.

The demurrer of the appellant admits the fact that there has been no extension of the corporate limits since the judgment of the circuit court of Pearl River county in *Thomas Stewart* v. *Poplarville* and the adoption of the ordinance by the mayor and board of aldermen under this judgment.

· The position of the appellee in this cause is that the question of whether or not the extension of the corporate limits made by the town authorities in the year 1893 is reasonable or unreasonable, has already been passed on by a court of competent jurisdiction and been declared unreasonable by the court. This judgment having become final and the mayor and board of aldermen having adopted the ordinance contracting the limits in conformity to this judgment, this judgment is *res adjudicata* on the question of the reasonableness or unreasonableness of the extension made in 1893 and, therefore, appellants have no right to petition for a contraction of the extension made in 1893, since that extension has already been contracted by the order of the circuit court and the reasonableness of the limits of the town, under that extension, has already been passed on by the circuit court and that judgment is, therefore, final on the question of the extension made in 1893.

· Appellants claim that this appeal is from an ordinance of the town council and not from a judgment of a court. It is true that the appeal is from an ordinance of the town, but this ordinance was adopted by the mayor and board of aldermen in conformity to a judgment of the circuit court commanding them to adopt the said ordinance.

Counsel for appellants claims that section 3307, Code of 1906 (section 5803, Hemingway's Code) providing that a petition may be filed at any time after two years from the adoption of an ordinance gives them the right to

file the petition and to have a trial *de novo* on this question and says that this section is plain and unambiguous.

We submit that the ordinance from which appellants admit they took this appeal to the circuit court, having been an ordinance contracting the limits of the Town of Poplarville and not one extending the limits, then there has never been any extension of the limits of the town for the petitioners to appeal from, and there could be no issue submitted to a jury asking them to decide that an extension made by the ordinance of 1913 is unreasonable when all the pleadings in the case admit that this ordinance did not extend but contracted the limits of the corporation.

Argued orally by *J. M. Morse, Jr.,* for appellants.

ANDERSON, J., delivered the opinion of the court.

On the 10th of February, 1926, appellants, resident citizens of the town of Poplarville, and interested in the subject-matter of their application, proceeding under section 3307, Code of 1906 (section 5803, Hemingway's Code), applied to the mayor and board of aldermen of the town to pass an ordinance contracting the corporate limits of the town. Appellants' petition was denied by the mayor and board of aldermen, and by authority of the statute referred to they appealed from the order so denying their petition to the circuit court. The circuit court affirmed the order of the municipal authorities, and from that judgment appellants prosecute this appeal.

The town filed a plea in the circuit court setting up, in substance, that, in 1893, the limits of the town were extended by the mayor and board of aldermen, and that in October, 1913, Thomas Stewart and others filed a petition praying that the corporate limits of the town be contracted, which petition was denied by the mayor and board of aldermen; that from that order of the may-

or and board of aldermen the petitioners appealed to the circuit court, where an issue was made up and a trial had and a judgment rendered by that court, which became final, declaring that the limits of the town were unreasonable, and ordering the mayor and board of aldermen to adopt an ordinance conforming to the judgment of the circuit court; that afterwards this judgment of the circuit court was carried out by an ordinance adopted by the mayor and board of aldermen; that all of said proceedings were legal, and that, since the adoption of that ordinance, there had not been any change in the corporate limits of the town. The plea further set up that judgment of the circuit court was *res adjudicata* of the question here involved. Appellants demurred to this special plea on the ground of its insufficiency in law. Their demurrer was overruled, and, on their declining to plead further, a final judgment was rendered by the circuit court in favor of the town, dismissing the appellants' petition.

The question involved turns upon the proper construction of section 3307, Code of 1906 (section 5803, Hemingway's Code), which is in this language:

"If the limits of any city, town or village shall be unreasonably extended or contracted, any person interested may, after two years from the time when the limits were fixed, whether fixed under this chapter or heretofore, petition the municipal authorities thereof for a contraction or extension of the limits. In case the prayer of the petition be granted, in whole or in part, the ordinance for that purpose shall be subject to appeal by parties interested, as in other cases; and in case of a refusal to grant the petition, in whole or in part, the petitioner may appeal to the circuit court, by the execution of a bond as provided in other cases, and an issue shall there be made up and tried, and the question shall be whether the existing limits be or be not reasonable. If it be adjudged that the limits are reasonable, the ap-

pellant and his sureties shall pay the costs, as in other cases; but if it be adjudged that they are unreasonable, the court shall define the extent of the unreasonabe extension or contraction, direct the municipal authorities to pass an ordinance conforming the limits to the judgment of the court, and shall enforce the directions. Such ordinance shall take effect from its adoption. Reasonable and unreasonable, as used in this section, must be construed as relating to the interests of the entire municipality.''

The petition in the present case was filed more than two years after the expiration of the last ordinance of the mayor and board of aldermen of the town fixing its corporate limits. We think that under the plain provisions of the statute the question of changing the corporate limits of a municipality may, at the instance of interested parties, be relitigated after the expiration of every two-year period from the last ordinance fixing its limits; in other words, that the question can only be *res adjudicata* (if it were proper to use that term) during that two-year period. The language of the statute governing this question is, ''If the limits of any city, town or village shall be unreasonably extended or contracted, any person interested may, after two years from the time when the limits were fixed,'' etc., petition for a contraction or extension of the limits. And, furthermore, the doctrine of *res adjudicata* as applied to the judgments of courts has no application here except to the judgment of the circuit court on appeal as to the reasonableness of such a contraction or extension, and that lasts for only two years under the statute. The contraction or extension by the municipal authorities of the limits of a municipality under this statute partakes more of the character of legislation than it does of judicial action. It is not the action of a court to whose judgment the doctrine of *res adjudicata* applies; it is an ordinance or law passed by the municipality notwithstanding it be

144 Miss.—44.

true that the municipal authorities, in passing such an ordinance, act on their discretion and judgment as to the best interests of the municipality. The same is true of any legislation.

During a two-year period many changes might take place affecting the interests of the inhabitants and property owners of a municipality. During that period its development and growth might be such that its corporate limits ought to be extended. On the other hand, changes might take place which would reasonably call for a contraction of its corporate limits. The legislature, therefore, wisely provided by this statute that the mayor and board of aldermen of a municipality should have the authority, after the expiration of every two-year period from the last ordinance fixing its limits, either to extend or contract such limits, as might appear to the best interests of the entire municipality.

It follows from these views that the court below erred in sustaining the demurrer of the town to appellants' petition.

*Reversed and remanded.*