Wheat *et al.* v. Town of Poplarville.[*]

(Division A. Feb. 13, 1928.)

[115 So. 559. No. 26890.]

1. MUNICIPAL CORPORATIONS. *Evidence as to reasonableness of exclusion of land from town thereof held to require peremptory*

*instruction for petitioners (Hemingway's Code 1927, section 6738).*

In proceeding under Hemingway's Code 1927, section 6738 (Code 1906, section 3307), for the exclusion of certain land from town limits, evidence relative to reasonableness of proposed contraction of town limits *held* such as to require peremptory instruction for petitioners.

2. MUNICIPAL CORPORATIONS. *Power of taxation cannot be considered as benefit to municipality or detriment to taxpayer in determining reasonableness of excluding land from town.*

In determining reasonableness of exclusion of land from town limits, isolated power of taxation cannot be considered as either a benefit to municipality or a deteriment to taxpayer properly included within district.

3. MUNICIPAL CORPORATIONS. *As respects excluding land from town, use of streets of town is not persuasive.*

As respects excluding land from town, use of the streets of the town is not persuasive, for the streets, as public highways of country, are used for public travel, and not for exclusive benefit of those living within area having improved streets and other conveniences of a progressive municipality.

---

*Corpus Juris-Cyc. References: Municipal Corporations, 43CJ, p. 121, n. 5 New; p. 132, n. 16.

APPEAL from circuit court of Pearl River county. HON. J. Q. LANGSTON, Judge.

Application by Charles Wheat and others praying for the execution of land from the town of Poplarville. Judgment for the town on appeal from a denial of the petition by the mayor and aldermen, and petitioners appeal. Reversed and remanded.

*J. M. Morse, Jr.,* for appellants.

The court erred in refusing the peremptory instruction asked for by the plaintiff in the court below, in the following words: "The court instructs the jury to find that the boundaries of the town of Poplarville are unreasonable." There being no dispute or any material conflict in

the testimony, one side, either the appellants, or the appellee, was entitled to a peremptory instruction, because there was no issue of fact to be passed upon by the jury. The facts were admitted by both sides.

The main question presented to the court on this appeal is; can a municipality hold within its territory, the vast scope of wild, unimproved lands, farm lands, pasture lands, and wild reed brakes, in which the land and the inhabitants living in the territory proposed to be excluded, do not receive any benefit thereupon and the only benefit to the remaining part of the town, or that is the part that would remain if the petitioners should prevail in their contention, is taxation and taxation only? See *Forbes* v. *City of Meridian,* 86 Miss. 243; *Thomas* v. *Town of Long Beach,* 111 Miss. 329, 71 So. 570. The facts in the Town of Long Beach case are strikingly similar to the case now before the court; first, the town of Poplarville takes in this land, with other land, for some reason not known, but the inference is for taxation. Parallel with that, the town of Long Beach takes in a large body of land because they are afraid that a saloon will be erected in this unincorporated territory. Second, the reason, inferentially taxation, that the town takes in this territory, is held in the *Forbes* v. *Meridian, supra.* not to be a sufficient reason. Parallel with this, the reason for the town of Long Beach taking in the territory is by the Prohibition Act of 1909 abolished. Third, on the trial of the case of the town of Poplarville, it is shown that at the most there are only six families living within this vast territory proposed to be excluded. Parallel with this, in the Town of Long Beach case only thirty-one people resided in the part proposed to be excluded from the town limits. Fourth, the inhabitants in the section proposed to be excluded in the town of Poplarville suit, received no value by way of public improvements and received no benefits for their tax money, except, as the only witness for the appellee stated, the benefit of

living in a good town. Parallel with this, in the Town of Long Beach case, the inhabitants in the part proposed to be excluded, received very little benefit in the way of improvements made by the municipality. In the case of the Town of Poplarville some of the people who owned land in the part proposed to be excluded from the town did not join in the petition. In the Town of Long Beach case, the railroad and traction companies did not join in the petition. The court said: ''The verdict of the jury finds no support in the evidence, for the reason that it is manifest from the evidence, in which there is no material conflict, when viewed in the light of the rule announced in *Forbes* v. *Meridian,* 86 Miss., 243, 38 So. 676, that neither the interests of the inhabitants of the town of Long Beach as it will remain in event the territory here in question shall be excluded therefrom, nor of the inhabitants of the territory here sought to be excluded, will be in any wise conserved by the retention of such territory within appellee's corporate limits.'' When the facts are not disputed, one side should be entitled to a peremptory instruction.

*J. C. Shivers,* for appellee.

I am unable to find any basis upon which appellants can legally contend that they were entitled to a peremptory instruction in the lower court. The method of contracting limits of a municipality is provided for by statute. Section 6738, Hemingway's Code 1927; Section 3307 Code of 1906, provides a complete method for hearing these matters. It provides for filing the petition before the mayor and board of aldermen and for an appeal by either party therefrom and for a trial in the circuit court. It further provides that in the circuit court an issue shall be made up and the question to be submitted to the jury is whether or not the existing limits of the corporation be reasonable. This section further pro-

vides that ''reasonable'' and ''unreasonable'' as used
therein must be construed as relating to the interest of
the entire municipality. Therefore, the question in-
volved is not alone the interest of appellants, but is the
interest of appellants taken together with the interest
of all the other inhabitants and property holders of the
municipality.

The burden of proof was in this case upon the appel-
lants, and the law presumed that the existing limits of
the corporation at the time of the trial were reasonable.
*Town of Crystal Springs* v. *Moreton,* 131 Miss. 77, 95
So. 242. Therefore, before the appellants in this case
would be entitled to a verdict at the hands of a jury
they must have overcome this burden placed on them
by the law and this presumption of law that the corpo-
rate limits were reasonable. On the question of whether
they were entitled to peremptory instruction, all of the
evidence and every presumption that could be indulged
as properly arising from the evidence must be solved
against them.

Appellants cite the case of *Thomas* v. *Long Beach,* 111
Miss. 329; 71 So. 570, as supporting their contention in
this case that they were entitled to a peremptory in-
struction. That case, we respectfully submit to the court,
is not in any way similar to the present case. The town
of Long Beach was incorporated in 1905, and in 1907
the boundaries were extended so as to embrace the ter-
ritory prayed to be excluded therefrom. It seems that
in this case the ordinance was adopted for a special rea-
son and that the territory was included in the munici-
pality for the sole reason that the municipal authorities
desired to prevent a liquor saloon from being operated
in this outlying territory. Afterward in 1909, a State
Prohibition Law went into effect and the passage of this
act and its going into effect nullified the reason for in-
cluding this territory in the municipality. Therefore,
the reason for originally taking in the property having

been eliminated the court held that it should be taken out of the municipality.   Here we have an ordinance adopted fixing the limits of the municipality passed in 1892, and which was probably, either at the time or a short time after, the original creation of the village or town of Poplarville.   This ordinance has been in effect for thirty-five years at the date of the trial and the territory had constituted a part of the town for this period, and the record does not bear out the contentions made by counsel for appellants in his brief, when he says that the inhabitants of this part of the town derive no benefits from being in it.   It is true that he asked each of the petitioners, when he placed them on the stand, whether they derived any benefits from the corporation and each of them answered this question over the objections of the appellee, by saying that they derived no benefits therefrom.   Of course, there is a great deal of difference between a party expressing the opinion in his testimony that he derived no benefits from being in the town and his testimony on this question when asked as to particular matters with reference to what benefits he actually received.

When all of the evidence of the appellants and the evidence for the defendant is taken together we are satisfied that it amply supports the verdict of the jury, and that the appellants were not entitled to the peremptory instruction asked in the lower court, and that this court will not base its finding of whether they were entitled to such instruction on the opinion expressed by each of them that they derived no benefits as a whole including the cross-examination, and when this is done we have no hesitancy at all in saying that the court was amply justified in refusing the peremptory instruction and in submitting this case to the jury on the question of whether the existing corporate limits of the town are reasonable. This being a question peculiarly within province of the jury and not one for the court to decide.

*J. M. Morse, Jr.,* in reply for appellant.

Appellee admits that there is no conflict in the testimony but he makes three contentions, both in his oral argument before this court, and in his brief, why the peremptory instruction, as prayed for by the appellants, should not have been given. First, that a great many of the petitioners used the public roads in the town of Poplarville. Second, that most of the petitioners have school children of educatable age that go to the public school located in the town of Poplarville. Third, that none of the petitioners pay enough taxes to amount to anything. The first presents no reason why this property, isolated, cut off as it is without streets, sidewalks or anything, should be held within the corporate limits because the streets are built for the inhabitants of the town. Second, the town of Poplarville, with a great deal of outlying territory outside of the corporate limits, together with this property, is included in a separate school district, and the trial judge, in the court below, rightfully instructed the jury that even though the petitioners should prevail in their lawsuit, that they would still be subject and liable to the payment of the district school tax, and although this question was eliminated, both by law and by the instruction of the court, and although it rightfully has no place in this record, yet, the appellee urges and argues to this court, both in his brief and in oral argument before this court, that this constitutes a reason why the petitioners were not entitled to a peremptory instruction.

Argued orally by *J. M. Morse, Jr.,* for appellants, and *J. C. Shivers,* for appellee.

McGOWEN, J. Wheat, and other property owners of Poplarville, Miss., appellants here, filed their petition with the mayor and board of aldermen of the town of Poplarville, praying for the exclusion of about one thou-

sand four hundred forty acres of land from the town of Poplarville, so that the limits of the town be contracted in a manner described in the petition, unnecessary to set out here. This petition was denied by the mayor and board of aldermen, and the petitioners appealed to the circuit court, and there the town filed a plea of *res adjudicata,* setting out, in detail, that in 1916 an order of contraction had been entered which was *res adjudicata* to the proceeding. A demurrer was interposed to this plea by the petitioners, which was overruled by the court. Appeal was then prosecuted to this court, where the judgment of the circuit court was reversed and the cause remanded. *Charles Wheat* v. *Town of Poplarville,* 144 Miss. 684, 110 So. 434. This court held that the demurrer should have been sustained, holding the judgment contracting the limits was not *res adjudicata* of this petition. The case was again tried in the court below and issue submitted to the jury as to whether or not the proposed contraction of the boundaries was reasonable or unreasonable, and there was a verdict and judgment for the town of Poplarville, appellee here, from which the petitioners prosecute this appeal.

The main contention of the petitioners is that they were entitled to a peremptory instruction. There was no conflict in the evidence, most of which was directed at the question of taxes, which question is unimportant in the light of the issue to be tried in the lower court—whether the proposed contraction was reasonable or unreasonable.

The facts, briefly stated, show that in 1892 the municipality of Poplarville designated itself as a town, and, in April, 1892, extended its corporate limits so as to include nine full sections of land. In 1915, by judgment of the circuit court, the limits were contracted so as to exclude one thousand two hundred acres of land.

It was further shown by these petitioners that these lands had not been utilized for any urban purpose; that

they were unplatted farm lands, pasture lands, and wild, reed brake lands; that, within the territory proposed to be excluded, there were living therein only six families; that from the time of the inclusion of this territory, in 1892, within the city limits until this date, there had been no urban improvements save a public highway, which was maintained at the county's expense. No mutual benefit is shown from the inclusion of these lands, nor to the balance of the community. The petitioners lived from a mile to a mile and a half from the courthouse, the main part of the town, and some of them were not even living on a public road. There were no lights, water, or sanitary improvements of any kind, nor any difference shown during the quarter of a century in which these farm lands had been within the corporate limits of Poplarville from any other rural lands outside the corporate limits.

In 1890 the census discloses that Poplarville was a village with a population of two hundred thirty-two; in 1892, it was a town of more than five hundred inhabitants; in 1900, its population was nine hundred ninety; in 1910, one thousand two hundred seventy-two; and in 1920, its population had grown to one thousand two hundred ninety. It was shown that these lands, if excluded from the municipality, would be, and remain, in the separate school district, and the petitioners would, if the town limits were contracted, continue to pay the school tax, which was shown to be a little more than half the entire tax of the town of Poplarville. It was shown that these occupants of the land used the streets; that one of them had been a marshal of the town; another had kept a meat market in the town; and another was a dairyman, but that their business would be regarded as rural and agricultural in so far as the territory in dispute was concerned.

The town of Poplarville did not offer to show any of the conditions existing in the town, or any reason for this territory remaining within the municipal limits, but, as

we view the record, relied upon the presumption of law that the ordinance of extension in 1892 was then reasonable and valid, and continued to be so, and was indulged in the town's favor on the trial of the case. We think the peremptory instruction asked for by the petitioners, appellants here, that the proposed contraction of the town limits was reasonable, should have been granted in the court below; and also that the mere statement of the case shows that the presumption existing in favor of the reasonableness of the 1892 ordinance was overcome.

The petition is based upon section 6738, Hemingway's 1927 Code (section 3307, Code 1906).

In the case of *Town of Crystal Springs* v. *Moreton,* 131 Miss. 77, 95 So. 242, this court held that the presumption was that an ordinance in force extending the city limits was reasonable and proper, but there is absolutely nothing in this record to sustain the verdict of the jury. Considering the growth of the town, no benefit can be shown to have accrued to the town, save the isolated power of taxation, which cannot be considered as either a benefit to the municipality or a detriment to the taxpayer properly included within the district. These lands are farm lands, and there is no showing that the town is rapidly growing, or that this thinly populated area contributes in any degree to the success of the municipality, or to the extension of urban ideas within those limits. The fact that the people within the proposed area rode upon the streets in that part of town in which they had streets, or at one time had conducted business there, is not persuasive, for the streets of the town, as public highways of the country, are used for public travel, and not for the exclusive benefit of those living within the area having improved streets and other conveniences of a progressive municipality. This case is controlled by *Thomas* v. *Town of Long Beach,* 111 Miss. 329, 71 So. 570, wherein the facts are similar to the facts of the instant case; the difference being that the town of Long Beach was extended in order to prevent the establishment of a sa-

149 Miss.—28.

loon, which necessity, when the State Prohibition Law (Laws 1908, chapter 113) went into effect in 1909, no longer existed.

No reason is assigned in the brief of counsel or in this record as to why Poplarville extended its limits so as to include nine sections of land. Slow growth is shown by the figures as to its population, and there is no reason shown for retaining these lands which were not platted nor used for any urban purposes whatever within the last quarter of a century; nor is it shown that such inclusion has been beneficial to the plans of the municipality. In the case of *Forbes* v. *City of Meridian*, 86 Miss. 243, 38 So. 676, Judge TRULY said:

"Municipalities are not devised for the purpose solely, nor chiefly, of raising revenue. The power of extending corporate limits is granted not to be resorted to for the purpose alone of increasing the income of the municipality, but in order that the benefits incident to civic government may be extended to those resident in the territory adjacent to the municipality and included in the extension; and, further, that the municipality by extending its police government, its sanitary and quarantine regulations, and its more adequate fire protection, may thereby conserve the best interests of the inhabitants within its original borders, and also give to those living in the territory included in the extension more efficient protection against devastation by fire, and by the enforcement of necessary sanitary regulations to the public health decrease the danger from disease and pestilence. These are the paramount considerations, and incidental to these the citizens included in the extension are entitled to share in common with the other inhabitants of the municipality the conveniences of sidewalks and lighted streets, fire protection, and all other advantages of city life."

It follows that this case must be reversed and remanded to the lower court, and that an order there be entered conforming to this opinion, contracting the limits.

*Reversed and remanded.*