CITY OF PASS CHRISTIAN *v.* TOWN OF LONG BEACH *et al.*

(Division A. May 26, 1930.)

[128 So. 554. No. 28634.]

**W. J. Gex**, of Bay St. Louis, for appellant.

J. C. Ross, of Gulfport, for appellees.

Argued orally by **W. J. Gex**, for appellant.

**McGowen, J.**, delivered the opinion of the court.

The appellant, the city of Pass Christian, passed an ordinance extending its limits so as to include part of section 21, township 3, range 12, therein.

This ordinance was passed by the city of Pass Christian in conformity with section 6732, Hemingway's 1927 Code, on July 2, 1929. Thereafter, on July 26th, the town of Long Beach, with other protestants, filed an appeal to the circuit court.

The record does not contain publication of the notice which is required to be made by a town after an ordinance extending its territory has been adopted.

The court excluded all the evidence offered by the appellee the town of Long Beach on the question of reasonableness or unreasonableness of the ordinance. It was shown that there had existed the Quarles separate school district; that also the town of Long Beach constituted a separate school district; and that prior to the extension ordinance adopted by the city of Pass Christian, the town of Long Beach had included the territory

comprising the Quarles separate school district within the separate school district of Long Beach, and that the territory attempted to be included in the municipality of Pass Christian had theretofore been a part of the Quarles separate school district which had been included in the Long Beach separate school district. It was further shown that section 21, township 8, range 12, was very valuable for taxing purposes, and that since the Long Beach separate school district had been extended so as to include the disputed territory, certain bonds had been issued by said Long Beach separate school district. It is further shown that in the territory there were only six or seven educable children.

The court below granted a peremptory instruction for the town of Long Beach and the other protestants, and a judgment was accordingly entered in their favor against Pass Christian's ordinance, including section 21, township 8, range 12, within its municipal borders.

The appellees insist that the judgment here should be affirmed because the proof of publication of the adoption of the ordinance of extension is not in the record.

Section 6733, Hemingway's 1927 Code, requires publication in a newspaper for three weeks after the passage of an ordinance before it shall become operative. Section 6734 provides that any person interested may appeal from the ordinance at any time before it becomes operative. This is with reference to an appeal to the circuit court from the action of a municipal board in passing an ordinance of extension.

1. As we view it, proof of the publication was not a requisite part of the record, as an appeal could not be granted after the ordinance became effective by completion of the publication, and the elapse of one month after the passage thereof. The appellees' the town of Long Beach et al. appeal having been prosecuted on July 26th, was not one month from the date of the passage, so it is immaterial whether the publication had been completed or not, and so far as the town of Pass Christian

was concerned, in no event, on this appeal, would the publication enter into the question whether or not the ordinance appealed from was valid or invalid.

2. Appellant insists that there was no authority in law in 1927 for the municipal separate school district of Long Beach to add adjacent territory thereto and calls attention to the fact that chapter 186 of the Laws of 1916 was repealed by section 283 of the Laws of 1924. Under the School Laws of 1916, there was specific authority granted to a municipal school district to add adjacent territory to such district; and appellees here contend that section 119, chapter 283, Laws of 1924, being section 8760, Hemingway's 1927 Code, authorizes both a rural and a municipal separate school district to add adjacent territory.

We do not think it is necessary for us to construe these statutes for the reason that the law authorizes a municipality to extend its boundaries so as to include adjacent, unincorporated territory. Section 6733, Hemingway's 1927 Code.

It is not necessary to stop to inquire whether or not the territory sought to be included in a municipality is in some other separate school district. There is no such limitation in the statute, and we do not feel warranted in writing therein such restriction. The fact that the rural territory may be in some municipal school district, though not in the municipality, under the language of the statute, would not preclude the city of Pass Christian from including within its borders the unincorporated rural territory. The power conferred by the statute to extend the boundaries so as to include unincorporated territory seems to be without reference to the formation of a school district, and, in the case at bar, the power is conferred which was assumed by the constituted authorities of the city of Pass Christian.

There is no evidence in this case tending to show that the ordinance appealed from is unreasonable. The issue on this kind of appeal is fixed by the statute. See Forbes v. City of Meridian, 86 Miss. 243, 38 So. 676; Town of

Crystal Springs v. Moreton et al., 131 Miss. 77, 95 So. 242; and Wheat v. Town of Poplarville, 149 Miss. 424, 115 So. 559.

We do not deem it necessary now to decide whether or not the town of Long Beach had authority to extend its municipal school district so as to include the Quarles separate school district, after the latter had been dissolved, and neither do we deem it incumbent upon us to decide whether or not the town of Long Beach was authorized to prosecute an appeal herein, for the reason that there were other appellees joined in the appeal from the ordinance who were persons interested. Nor can we, in the proceeding on this appeal, consider the question of the loss of power to tax, on the part of the separate school district of Long Beach, the territory included in the municipality of Pass Christian.

Reversed, and judgment here for the appellant.