STATE ex rel. THOMAS C. SENFF et al.,

*v.*

CITY OF COLUMBIA et al.

(*Nashville,* December Term, 1960)

Opinion filed March 10, 1961.

M. E. QUEENER, ROBIN COURTNEY, Columbia, for appellants.

SHELTON & SHELTON, Columbia, for appellees.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This suit is attack upon an ordinance of the City of Columbia annexing certain territory thereto pursuant to Section 6-309, T.C.A. The court heard the case and after a complete hearing (very similar to that in *Morton v. Johnson City*, 206 Tenn. 411, 333 S.W.2d 924) held the ordinance reasonable and dismissed the bill attacking it. The questions presented have been ably briefed, argued before this Court, and after an investigation we are ready to dispose of the questions involved.

■ To all intents and purposes the questions involved here are identical to those involved in *Morton v. Johnson City,* supra. The record presenting the question as to the reasonableness or unreasonableness is only about one-third as large as the record was in the Johnson City case, but essentially the proof pro and con is identical. We find as we did in the Johnson City case that the record herein unquestionably presents a question that was reasonably debatable. Our conclusion under this state of facts is that the enactment of this ordinance was reasonable rather than unreasonable.

There are two or three questions raised here, though some of them are very similar but presenting a different aspect, that were not raised in the Johnson City case. We will answer these questions herein, but insofar as any question that is attempted to be argued herein one way or the other that was sufficiently answered in the Johnson City case, we will not attempt to again answer, because that is the opinion of this Court.

■ In the outset it might not be amiss to say that annexation by city ordinance under this statute contains no trick or gimmick. It is just the Legislature conferring the right upon the city fathers to annex under the conditions prescribed in the statute. This right of annexation, aside from the statute, would be in the Legislature, and the Legislature having the right to annex has likewise the right to confer this power upon the city fathers, and it seems to us perfectly obvious that the city fathers would know far more about the needs and necessity of annexation than would the Legislature. The reasons therefor are so obvious that it isn't necessary for us to express them. This being true, such an annexation, so long as it complies with the statute, has the same force and effect

and is subject to the same attacks only as annexation would be if done by the Legislature.

The City of Columbia like so many other municipalities in the United States for the last twenty years had undergone an extensive growth. The metropolitan community which included Columbia and its industrial and residential environs had approximately doubled in population. As a result, the area within the corporate limits of the city had for residential purposes, and incidental businesses, become saturated, compelling its growing population to seek residential sites outside of the corporate limits. The great majority of these people and the breadwinners thereof worked in the City of Columbia and used its facilities. The City of Columbia had to likewise expand its waterworks and other facilities to take care of these people one way or the other. Thus due to all the things that are imaginable that might be placed upon a city that had doubled in population in this length of time, the city fathers decided that it was best to annex many of these suburban areas. As a result a notice was published in the local newspaper of December 19, 1958, showing a map of the metropolitan area under consideration for annexation which covered all newly developed areas outside the corporate limits. As a result of this notice a hearing was had. Many people opposed the annexation while others were in favor of annexation. This full page map which appeared on December 19th of the paper and publicity consequently appeared almost daily and gave the people an opportunity to see and know what the city fathers proposed to do. On January 15, 1959, within about thirty days after this map was published, a notice was given by the city of a hearing to be held on January 22nd on an area smaller than that shown by the map

published in the paper but still encompassing an area that included that annexed by the ordinance under attack.

As a result of this notice and hearing an ordinance was not drawn immediately to take in the whole area pursuant to the notice but numerous and various ordinances were passed taking in smaller areas within the area as prescribed in the notice, the very obvious reason being that in many of these other areas the people were asking for it and they knew there would be no contest about it. As a result of this an area adjoining the City of Columbia was taken in between the area encompassed by the ordinance under attack and the corporate limits of the city. The area which is taken in by the ordinance under attack was not taken in by an ordinance until September, 1959, or some nine months after the notice was given for the proposed larger area. Thus it is that one of the principal attacks made on this ordinance is that the notice was not sufficient because it had been given too long before and that pursuant to the notice which was given in January the present area taken in by the present ordinance was not included immediately until nine months thereafter and consequently this was not sufficient notice under the statute whereby the city fathers could annex the territory now in question.

■ The statute in reference to giving this public notice does not provide any specific number of days within which the notice shall be given so long as it is given at least seven days before the proposal or the passage of such an ordinance. The contention here is made by those opposing this ordinance that this notice should be strictly construed rather than liberally construed. We, of course, (not in so many words) have held to the contrary in *Morton v. Johnson City,* supra. We held there that the type

of public hearing which is contemplated and called for under the statute (Section 6-309, 6-310, T.C.A.) with respect to the adoption of an annexation ordinance of the kind is that kind of hearing that is to be accorded by a city commission so that that body may make up its mind from a political standpoint as to whether it is feasible and right to annex the territory. The facts in the instant case clearly show that such a notice was given the people and they had such an opportunity in the instant case. For approximately nine months after the notice of the hearing was given it was in the newspapers constantly and the city fathers had a long opportunity to weigh matters and determine whether or not it was best for the well being of the citizens of Columbia and the territories to be annexed, to be annexed. Thus we think that there can be no complaint in reference to the notice given herein. In our judgment, as was that of the trial judge, we think the notice was ample and sufficient.

■ It seems to us that there is really no reasonable argument to be made under the statute and under our system that a new notice should be given every time they wanted to annex part of the territory within the area prescribed in the first notice. This gave the people notice sufficiently complying with the statute, and then with the things that went on naturally and as shown by this record through the local press and otherwise it was clearly ample and sufficient notice.

■■ Error was assigned to the action of the court in overruling the objection of the petitioners to testimony of the Mayor before the court and jury. This error is not pushed very much or argued very strenuously in the brief, nor was it argued before the court, nor does the assignment of error comply with Rule 14(3) of this

Court, wherein when such an error is assigned which relates to the alleged erroneous admission of evidence it is required by the Rule that the specifications of error shall quote the full substance of the evidence admitted with citation of the record, etc. Clearly under this ground alone the error should be overruled, but aside from that the Mayor, we think, had a right to testify as he was the head of the city fathers which body passed the ordinance and was doing this annexation and he was one of the body who had heard the protests and had considered the matter for months. He had a right to express his opinion and say what the city could do or could not do and what they proposed to do. Thus it is that we think that even though his testimony might have been "a long discourse to the court and jury as to what the City of Columbia planned to do in the future" it was one of the necessary things for the court to consider in determining the question of whether or not the ordinance was reasonable or unreasonable. Thus it is that we do not think that this was error.

■■ Then it is assigned as error that this being a *quo warranto* case that the court erred in holding that the burden of proof was on those who filed the *quo warranto* suit attacking this ordinance. This question has not heretofore been raised so far as we know or can find with reference to the attack on an ordinance under the annexation statute. The argument of the appellants is that the burden of proof should be on the city to show that under the proof the question of whether or not the ordinance for annexation was necessary from the standpoint of well-being of the annexed area and the city was reasonable, and that it was on the city to show that the question was a fairly debatable one. As authority for

this argument they cite *State ex rel. Dobbins v. Larry,* 206 Tenn. 261, 332 S.W.2d 669, and *State ex rel. Attorney General v. Allen,* Tenn.Ch.App., 57 S.W. 182, 189, to the effect that in a *quo warranto* case the burden is on the defendant. We think, of course, that the rule announced in *State v. Larry,* supra, is sound, because as we said there the basis for the rule is that "when a suit is brought in the name of the State attacking the title to the office of the defendant or respondent in a lawsuit the burden is upon the one who is claimed to be a usurper to show that he is entitled to this office." [206 Tenn. 265, 332 S.W.2d 671]. This is obviously reasonable, but is not the question under consideration here at all. The office of the city fathers is not attacked, what is attacked is an ordinance that they have passed. Insofar as we know or can determine it has always been the rule that in the passage of ordinances by the city fathers and in the passage of acts by the Legislature, etc., there is always a presumption in favor of the ordinance or act being valid, and the burden is always upon those who question its validity to so show. That is what the situation is here. The city fathers have passed an ordinance and when they do so it is presumed to be valid and good, and, of course, then this presumption legally attaching to the passage of such an ordinance the burden of proof is on those attacking it.

There is no legerdemain or anything like that about such a situation because reason and common sense dictate the fact that those questioning the thing or attacking it when it is presumed to be good have the burden of showing that it is not good. See *Penn-Dixie Cement Corp. v. City of Kingsport,* 189 Tenn. 450, 225 S.W.2d 270; *Walldorf v. City of Chattanooga,* 192 Tenn. 86, 237 S.W.2d 939; and many others that could be cited.

Under almost an identical annexation statute of the State of Mississippi the courts of that state in the *Town of Crystal Springs v. Moreton,* 131 Miss. 77, 95 So. 242, 243, held that "Those who contest the right to so extend ought to have the burden of proving that the ordinance is unreasonable."

Thus it is after considering all questions herein presented we think that the trial court was eminently correct in holding that the passage of the ordinance was in compliance with the statute and that under the factual situation presented in this record that it was reasonable. For the reasons herein expressed the judgment below will be affirmed.

TOMLINSON, JUSTICE, not participating.