## WILLIAM H. FORBES ET AL. *v.* CITY OF MERIDIAN.

MUNICIPALITIES. *Extension of limits. Code* 1892, §§ 2912*a*, 2913. *Amended Laws* 1902, *p.* 154.

In determining whether an ordinance to extend the limits of a municipality be or be not reasonable, upon an issue made up to try that question in the circuit court, as provided by Code 1892, §§ 2912a, 2913, as amended Laws 1892, p. 154:

(*a*) The extension must be considered as an entirety, the question not being whether each and every portion of the territory included in the extension should, if considered separately, have been included;

(*b*) The question of the return of revenue which the municipality may receive from the territory proposed to be annexed is. not a criterion by which to determine the reasonableness or unreasonableness of the ordinance;

(*c*) The fact that some part of the territory proposed to be annexed to the municipality is low and marshy., and that other parts are vacant, does not render the ordinance unreasonable;

(*d*) That many people live in the territory proposed to be annexed who have not consented to the extension is not of consequence;

(*e*) An extension of the limits of a municipality is reasonable where it is necessary for the protection of health that the territory in question should be included within the municipal limits;

(*f*) The fact that property owners would have to pay an additional or municipal tax if their property is included within an extension of municipal limits is no reason why the property should not be included, where the property would derive benefits from the municipality in the way of lower insurance rates, etc.;

(*g*) The taxing of property proposed to be taken into municipal limits by an extension thereof is not the taking or damaging of property without due process of law;

(*h*) A requested instruction that the line of the municipal limits, as fixed by the ordinance, was an entire line, and that, if unreasonable at any one point, those attacking the ordinance were entitled to a verdict, was properly refused;

(*i*) It is proper to refuse an instruction that, though a part of the territory would receive benefits from being in the municipality, yet, if such territory was so situated that the cost to the muni-

cipality of giving it the benefits of municipal government would be greater than the rewards derived by the municipality from taxing the territory, then the ordinance was unreasonable;

(*j*) It was proper to refuse to instruct that, if a part of the territory was included because it had been platted into lots, blocks, and streets, and that other parts were included which were not so platted, it was an unreasonable ground for fixing the line.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Forbes and others, appellants, who opposed the extension of the limits of the city of Meridian, were treated without objection as being plaintiffs in the court below, and the city of Meridian accepted there the position of a defendant. From a judgment in the city's favor Forbes and others appealed to the supreme court. [See *Jackson* v. *Whiting,* 84 Miss., 163, where under like conditions the city of Jackson was treated as plaintiff and her tender of issue as a plaintiff maintained by the supreme court.]

The municipal authorities of the city of Meridian passed an ordinance extending the limits of said city. Appellants, Forbes and others, made bond and appealed to the circuit court from the ordinance. In the circuit court appellants tendered an issue that the extension was unjust, oppressive, and unreasonable in various particulars—to wit, that a large territory just outside of and contiguous to the territory embraced had been surveyed into lots and blocks, and residences had been built there, and a large number of people lived there, and that these lots were valuable, and that the extension was unreasonable in not including that territory; that some parts included in the extension had never been surveyed into lots, and were two miles from the business part of the city, and could not be benefited by being placed in the city; that other portions embraced had no dwellings or business houses on them, and would receive no benefits or protection from the city government; and that the only purpose the city had in including them was to tax them.

On this tender the city, without objection, joined issue, and considerable testimony was heard on the trial of the issue. There were verdict and judgment for the city, and from that this appeal is taken. The errors principally complained of are the giving of certain instructions for the city and the refusal of instructions asked by appellants.

The court gave the following instructions for the city:

"(1) The court instructs the jury that even though they may believe that some parts of the territory intended to be included in the ordinance in dispute are low and marshy, and that other parts of it are vacant, yet this fact does not make the ordinance unreasonable or authorize the jury to find against the city in this case. The court further instructs the jury that the city boards have a right to extend the city limits so as to include people living within the extension, without their consent, and in passing upon the ordinance in dispute the sole question for the jury is whether the extension is reasonable or unreasonable, and in the present case the burden is upon the appellants to prove by a preponderance of the evidence that the extension is unreasonable.

"(2) The court further instructs the jury that if they believe from the evidence that it is necessary for the protection of the health of the citizens of Meridian and of the territory proposed to be included under the ordinance in dispute that said ordinance shall be sustained, or that it be necessary for the citizens within the proposed extension to have the benefit of police protection, and also the benefits of lights and other municipal improvements, then the jury should find that the proposed extension is reasonable.

"(3) The court charges the jury that even though the jury may believe from the evidence that there are vacant lots in the present city limits, and also vacant parcels of land in the proposed extension, and also although they believe from the evidence that there are low and marshy places in the territory proposed to be included as provided by the ordinance, these

facts will not of themselves authorize a verdict against the ordinance.

"(4) The court instructs the jury that if they believe from the evidence that because the fertilizer factory, the Eagle Cotton Oil Company, Grant's Mills, and the Meridian Cotton Oil Mills are located so near the city as to enjoy the benefits, either from lower rates of insurance or other benefits derived from the city as now constituted, then the jury can consider these benefits in passing upon the question as to whether the ordinance in dispute is reasonable or unreasonable; and the fact that they will have to pay an additional or municipal tax if included in the city limits will not be any reason why they should not be included.

"(5) The court charges the jury that the taxing of the property proposed to be taken into the city limits is not the taking or damaging of the property of the owner without authority of law, and if the jury believe that the mere extension of the city boundaries and the consequent liability to municipal taxation that should be imposed upon said lands constitute the only objection to extending the city limits in behalf of the city, then they should find a verdict in favor of the city."

In the sixth instruction the court told the jury that if the lands embraced in the ordinance were contiguous to the city, and some of them were platted and mapped and held for sale, and that other parts of the land were settled and represented the actual growth of the city, and that other vacant lands were needed for residences, and that other parts of said lands were valuable for residences or business purposes, or if the territory added was needed for the extension of police regulations, the jury should find for the city.

The court refused the following instructions asked by appellants:

"(2) The court instructs the jury that the line of the city limits as fixed by the ordinance is an entire line, and if it is

unreasonable at any one point thereof, the plaintiffs are entitled to the verdict.

"(4) The court charges the jury that if they believe from the evidence any of the territory within the proposed extension would not be benefited by being included in the city, and the only effect of so embracing it would be to tax it, then the ordinance is unreasonable, and the jury will find for the plaintiffs.

"(5) Although the jury may believe from the evidence that a part of the territory in the proposed extension would receive benefits from being part of the city, yet if the jury believe that such territory is so situated that the cost to the city of giving it the benefits of the city government be greater than the rewards derived by the city from taxing said territory, then it was unreasonable to so embrace it, and the jury will find for the plaintiffs.

"(8) If the jury believe from the evidence that a part of the territory in the proposed extension was included because it had been platted into lots, blocks, and streets, and that other parts were included which were not so platted, then such was an unreasonable ground for fixing said line.

"(9) If, from the evidence, the jury believe that a part of the territory embraced within the proposed extension was put in to make the boundary lines of the city straight and to make the form of the city as drawn on the map shapely, and that other parts were embraced that made the form of the city unshapely, then the line fixed by such considerations is unreasonable and the jury will so find."

*S. A. Witherspoon,* for appellants.

The statute simply provides that on the appeal the question for the court to determine is whether the ordinance be reasonable or not, and it lays down no principle or guide for the determination of this question. It left to the court the discovery of the principle which would make the ordinance in each case reasonable or unreasonable, and in order to discover the prin-

ciple, we must bear in mind and consider the relation of a municipal government to its citizens. The significance of this relation is that the people dwelling together in dense proximity have a great many needs that can only be met, and a great many common interests that can only be promoted, by a city government; that a municipal government cannot answer these purposes without incurring expense, and that in consideration of the benefits to be derived from such a government the people pay the taxes necessary to defray these expenses. Any extension or contraction of the city limits which harmonizes with the purpose and object of this relation would be reasonable, and any extension or contraction which is made for other purposes and objects would be unreasonable, because it would be foreign to the object of the relation between the government and its people.

The evidence in this case clearly proves that a large part of the territory embraced within the extension was low, swamp land, unfit for use as city property, on which nobody lives and on which nobody ever will live; that the twenty acres occupied by the fertilizer factory had never been, and could never be, used as residence or business lots; that the conditions of a fertilizer factory are such that it ought not to be in a locality where people live; that for this reason it had been located two miles from the business part of the city and far beyond the residence part of the city; that it and the other factories located on the proposed extension received none of the benefits of the city government; that they were all forced to provide their own water and light plants; and that the only object and purpose of including them within the city was to tax them. These facts made the ordinance unreasonable, because it violates that principle of the relation between the municipal government and its people by which the latter are obligated to pay the expenses of the government in consideration of the benefits to be derived therefrom, and it is unreasonable to tax one person to pay the expenses incident to the benefits enjoyed only by another. If this does

not make the ordinance unreasonable, then the ordinance might take in a farm situated twenty miles in the country in order to make the owner contribute by taxation to the expenses of the city government.

The court refused to charge the jury, as requested in the second charge, that the boundaries of the city as fixed by the ordinance was an entire line, and that if unreasonable at any one point, they should find for the appellants. In this the court certainly erred. A line is a succession of points, and it is impossible that it should be discarded over any portion thereof, and still remain a line. If, for instance, that portion of the line around the fertilizer factory be taken out, where would the balance of the line begin and end? The statute does not give the court jurisdiction to fix a new line if the one fixed by the ordinance is unreasonable, but it is its duty to declare the line fixed as unreasonable and void. The line cannot be unreasonable in part and reasonable in part, but must stand or fall as a reasonable or unreasonable entirety.

In the third charge requested by the appellants the court refused to instruct the jury that it was unreasonable to embrace the territory which would not be benefited by the city government and as to which the only effect would be to tax it. If this was not error, then any land might be embraced in the city, and the powers of the municipal boards are unlimited, and it was an idle and useless provision of the statute which gave the owner a right to appeal from the ordinance. When a man's land can be brought into the city when the land is so situated that he will derive no benefits therefrom, and when the only effect of bringing his land into the city is to tax it, then it is impossible to conceive of any ordinance extending the corporate limits that would be unreasonable.

In the fifth charge to the jury the court refused to instruct them that if the cost to the city of giving to the inhabitants

the new territory would be greater than the revenues derived by the taxation of such territory, then the ordinance was unreasonable. The court, therefore, in the refusal of this charge took the position that the inhabitants should be ignored. If in the determination of the question whether the ordinance is reasonable or not we are to consider neither the interests of the city government nor those of the people in the new territory, then reason is lost, and we have no guide by which we can solve the problem.

The instructions granted to the appellee really, when considered as a whole, amount to a peremptory charge. In the first charge the court told the jury to consider the matter of appellant's insurance in determining the question. The city government is not in the insurance business, and a man's insurance cuts no figure in the relation of the city to its inhabitants.

In the second charge for the city the court told the jury that if liability to taxation was "the only objection" to the ordinance, they must find for the city. The issue tendered and accepted, as well as the proof, shows that this was not only not the only objection, but that it was not even one of the objections to the ordinance, and hence this charge was inapplicable, misleading, and erroneous.

In the third charge for the city the court told the jury that it made no difference that the lands embraced in the extension were vacant, low, and marshy. This was a charge stating the reverse of the law, and was erroneous for the additional reason that it was on the weight of the evidence.

The fourth charge for the city is erroneous, for the reason that it is inapplicable to the facts. It tells the jury that if the health of the inhabitants of the new territory required it, the ordinance was reasonable. There is not a particle of proof, nor could there be any proof, that the health of the city would be affected by taking into the city limits a large amount of vacant, uninhabited, swamp lands.

*Miller & Baskin,* for appellee.

We invite the court's attention to the case of *Vestal* v. *City of Little Rock,* 11 L. R. A., 778. Counsel complains of the charge, more than all the others, which is taken from the Arkansas case just cited.

We also call the court's attention to the case of *Martin* v. *Dix,* 52 Miss., 53. It is very aptly stated in this case that the courts will examine city maps and surveys and hear proof as to the location and use of the particular property in question, and if it appears that the proposed extension of the limits embraced lands exclusively used for agricultural, horticultural, or mining purposes, the imposition of municipal taxes thereon will be enjoined; and if this case presented a question of that sort, then the city ordinance would be unreasonable, but there is no land of this character embraced in said ordinance, and there is no abuse of the discretion of the municipal boards in passing this ordinance, and we submit that the discretion conferred upon the municipal boards should have the presumption of fairness and reasonableness applied instead of the converse.

Judge Chalmers uses this language on p. 63 of 52 Miss.: "Shall the courts declare that the legislature has violated the organic law in the creation or extension of additional territory annexed to cities, or shall the courts enter upon an investigation as to the amount of benefit received by each particular piece of property embraced therein? This legislative power to annex new territory to a city has been delegated to municipal boards, and the same question would also be pertinently asked as to the conduct of the city boards in thus annexing new territory." We submit that it is not for the courts to define the limits of the discretion of municipal boards, nor in the absence of some constitutional inhibition or flagrant abuse of the powers to declare ordinances void because in the opinion of the court they are morally wrong or the benefits are not manifest.

In view of the fact that there is nothing in this record to indicate that the municipal board acted capriciously, arbitra-

rily, corruptly, or unfairly in passing the ordinance, but that, on the contrary, it exercised an honest discretion committed to it, that the ordinance should not be set aside. The matter was fairly, as we think, submitted to a jury, and they have endorsed the ordinance as reasonable, and we therefore ask that the case be affirmed.

TRULY, J., delivered the opinion of the court.

In passing upon the question of whether an ordinance making an extension of the limits of a municipality be reasonable, the jury must consider the proposed extension as an entirety. The question is not whether each and every portion of the territory included in the proposed extension should or should not, if considered separately, of and by itself, have been included, but whether the action of the authorities, in view of the conditions confronting the municipality at the time of the adoption of the ordinance of extension, should be sustained. Nor is the question of the return of revenue which the city may receive from the territory embraced in the extension any criterion by which to judge the reasonableness of the ordinance. Municipalities are not devised for the purpose solely, nor chiefly, of raising revenue. The power of extending corporate limits is granted not to be resorted to for the purpose alone of increasing the income of the municipality, but in order that the benefits incident to civic government may be extended to those resident in the territory adjacent to the municipality and included in the extension; and, further, that the municipality by extending its police government, its sanitary and quarantine regulations, and its more adequate fire protection, may thereby conserve the best interests of the inhabitants within its original borders, and also give to those living in the territory included in the extension more efficient protection against devastation by fire, and by the enforcement of necessary sanitary regulations to the public health decrease the danger from disease and pestilence. These are the paramount considerations, and incidental to these

the citizens included in the extension are entitled to share in common with the other inhabitants of the municipality the conveniences of sidewalks and lighted streets, fire protection, and all other advantages of city life. Viewed in this light, the sole question presented by this appeal is whether or not the jury were authorized, under the facts of the case, to sustain the action of the municipal authorities in making extension, and whether any of the instructions granted the appellee furnished an erroneous guide for their deliberations. Looking back over a completed record, we cannot say that the jury were without warrant for their finding or that they were in any wise misled by any granted instruction.

The instructions refused the appellants were incorrect either because they singled out and segregated special circumstances assumed to have operated upon the municipal authorities, and thus presented only a partial view of the ordinance, or because they contravened the statute which forbids any instruction upon the weight of evidence. In either view the action of the accomplished trial judge in refusing them was correct.

*Affirmed.*