WALKER *et al. v.* TOWN OF WAYNESBORO.

(Division B. November 10, 1947.)

[32 So. (2d) 455. No. 36519.]

Jones & Ray, of Jackson, **E. C. Fishel**, of Hattiesburg, and **A. G. Busby, Jr.**, of Waynesboro, for appellants.

W. E. Morse, of Jackson, and W. Vol Jones, W. M. Hutto and Frank Clark, all of Waynesboro, for appellee.

**Alexander, J.,** delivered the opinion of the court.

March 5, 1946, the Town of Waynesboro adopted an ordinance extending the municipal limits by the addition of a uniform border one-half mile wide around the four sides of its former area. Appeal therefrom by interested citizens brought the matter to the circuit court. Code 1942, Sections 3378, 3379. Appellants tendered an issue of reasonableness, enlarged by ten separate specifications. The town met such tender with a general issue plea.

The first assignment of error attacks the sufficiency of the town's plea. Section 3379 provides: "The appeal from the ordinance shall be to the circuit court, and shall be tried on an issue to be made up there, and the question shall be whether the proposed . . . extension . . . of the municipality . . . be or be not unreasonable." Failure of the town to set up affirmatively and in detail matters supporting their defense of reasonableness is the basis for the contention.

The statute does not specify how the issue is "to be made up." The burden of proof was upon the contestants. Town of Crystal Springs v. Moreton, 131 Miss. 77, 95 So. 242. They tendered the issue of reasonableness vel non. There was no occasion here to set up affirmatively that the ordinance was reasonable, otherwise than by joining issue. The procedure conforms to practice in the circuit court, and the trial court was not in error in denying con-

testants' motion to strike the plea. The jury found for the town.

We have carefully examined the character and extent of the testimony and the instructions. Both are in substantial accord with the principles laid down in Forbes v. City of Meridian, 86 Miss. 243, 38 So. 676. We comment only on the predominant characteristic of the witnesses for contestants which discloses chiefly their personal reactions, and their opinions, as to the probability that no substantial benefits would accrue to them. The entire record sufficiently reveals a purpose toward and a probability of benefit both to the citizens of the old and of the new areas, as interpreted by the Forbes case, to justify the verdict of the jury.

Affirmed.