KENNEDY *et al. v.* CITY OF KOSCIUSKO.

(In Banc. Jan. 12, 1948.)

[33 So. (2d) 285. No. 36647.]

**Guyton & Allen,** of Kosciusko, for appellants.

**Morgan & Thornton,** of Kosciusko, for appellee.

Alexander, J., delivered the opinion of the court.

The City of Kosciousko passed an ordinance extending its municipal limits and from a verdict and judgment upon the issue of reasonableness made up in the circuit court, the protestants appeal. Code 1942, Sections 3378, 3379.

By the ordinance the area of the city was extended from 1200 acres to 2500 acres. The appellants assign as error the exclusion of certain proffered testimony and a part of the argument to the jury by counsel for appellants;.the allowance of instructions; and the insufficiency of the evidence to sustain the verdict. We consider the assignments in order.

The witness Felder was asked the following question: "Of course if you are incorporated in the city you would in addition to that (State and County taxes) pay city

taxes?" Regardless of whether there was any error in sustaining objection thereto no prejudice could follow, for the inquiry seeks to elicit an obvious reply and indeed answers itself.

The witness Hanna was asked: "What are your objections to it (being incorporated into the city)?" To which he answered: "Well, my place couldn't be developed into city property, I don't think, to profit anybody, me or the city or anybody else, and its not fit for anything except farm use and it looks like a farmer can't pay city taxes on farm land." Upon objection the Court ruled as follows: "As to taxes, that is sustained gentlemen of the jury; don't consider his statement with reference to the taxes." We find no prejudicial error here. Walker v. Town of Waynesboro, 202 Miss. 830, 32 So. (2d) 455.

The witness Utz was asked: "Well, do you know of any disadvantages it would be to you (by incorporation into the city)?" To which she answered "Well, yes, it would be quite a lot in taxes." Its exclusion is not error. Forbes v. City of Meridian, 86 Miss. 243, 38 So. 676; Walker v. Town of Waynesboro, supra.

In the argument to the jury counsel for appellants stated that "city taxes that would be levied on the property sought by this ordinance to be incorporated in the city, totaling 45 mills, would unduly burden the farm lands this ordinance would add to the city." Upon objection the Court admonished the jury that "taxation had nothing to do with the reasonableness or unreasonableness of this ordinance." The error is reserved by a special bill of exceptions. Pretermitting the question as to whether, and if so, to what extent the question of taxation may become a factor in adjudging reasonableness in the light of substantial and commensurate benefits to the new and old areas and to the city as a whole, this issue is not sufficiently made here. Whether the necessary and inevitable taxation would "unduly burden" the property owners in the new area would have to be de-

termined by reference to the several assessments, as to which there is neither testimony nor forecast. Even so it would in any event have to be so disproportionate to the compensating benefits as to become unreasonable. See Vestal v. City of Little Rock, 54 Ark. 321, 329, 15 S. W. 891, 16 S. W. 291, 11 L. R. A. 778; Harvey Canal Land & Improvement Co. v. Gelbke, 166 La. 896, 118 So. 75. No prejudicial error is found in the court's ruling. Moreover, appellants' fifth instruction was elaborate in detailing the considerations and benefits which should be taken into account, and these included the inquiry whether the city could "reasonably pay the cost of extending these city civic benefits to this added territory in a reasonable degree."

The instructions given on behalf of the city are almost literal transcripts of those examined by us in the Forbes case, supra. They were there attacked upon grounds which included a criticism as being upon the weight of the testimony. We noticed this objection in our opinion and find ourselves obliged to adhere to the opinion there expressed that they were not prejudicial.

It is not feasible to set out the testimony of the many witnesses upon both sides regarding the nature of the proposed area, present conditions physical and financial in the existing municipality, and the individual reactions of the several protestants. There was testimony that over four hundred residences were located in the new area; that much of it had been platted into subdivisions for residence purposes; that most of the latter section was now being supplied with water and lighting facilities by the city; and that approximately one-half of the pupils in the city schools were residents living outside the present city limits. It was further testified that approximately eighty percent of the proposed area is suitable for residence purposes. There is, of course, contradictory testimony. We are of the opinion that the issue of reasonableness, interpreted in the light of all the testimony, was for the trial jury and we can not say that its verdict

was found against an overwhelming weight of contrary testimony.

We should have been disturbed by the disclosure that the present bonded indebtedness is $552,900, which, taken with the total assessed valuation, limits the availability of new bond issues for improvements to $18,000. This revelation is thought-provoking and in a proper case would probably not be denied relevancy. Yet here, there is no showing as to the extent to which the proposed area would increase the city's resources nor the extent or cost of such benefits as the city may find reasonably necessary to supply.

We are constrained to withhold any interference with the verdict which the jury reached in discharging its duty and in defining reasonableness upon the testimony and under the proper guidance of the trial court.

Affirmed.