NICHOLSON, et al. *v·* TOWN OF BOONEVILLE.

In Banc. April 10, 1950.

No. 37670 (45 So. (2d) 594)

**Windham & Cunningham,** for appellant.

Donald Franks and **Cunningham & Cunningham,** for appellee.

**Alexander, J.**

The Town of Booneville, through the mayor and board of alderman, passed an ordinance enlarging the geographical area of the town from 800 acres to about 1237 acres. An appeal was taken from the ordinance under Code 1942, Sections 3378, 3379, and the issue of reasonableness was submitted to a jury which upheld the ordinance. This appeal is taken by the objectors. This sort of case invariably involves the extent of the interests which are to be served in the new area and the capacity of the municipality reasonably to furnish such benefits.

The record is voluminous and includes the testimony of many witnesses. Those for the objectors follow substantially the pattern set in Walker v. Town of Waynesboro, 202 Miss. 830, 32 So. (2d) 455, and Kennedy v. City of Kosciusko, 203 Miss. 4, 33 So. (2d) 285, and relate chiefly to the disinclination of citizens in the added area to be burdened with additional taxes in view of their inability to view such extension as a personal advantage to them. Most of them stated simply that they were "satisfied" with the present status and did not want to be taken in; some doubted whether the city would be able to furnish added facilities commensurate with the extra burdens and responsibilites which they anticipated.

Testimony was introduced on behalf of the appellee by the city officials who express a purpose and an ability to furnish to the new area, as soon as practicable, such

facilities as improved streets and sidewalks, water and sewerage facilities, police and fire protection, and garbage disposal. There was conflicting testimony as to the need of additional fire and police protection in the new area. There was also testimony that there were within the present town limits 165 unimproved acres, suitable chiefly for farming, and that there was a substantial number of homes in which water and sewerage facilities were not being furnished. Included in the added area were several well-developed residential subdivisions in which there have been erected about 255 substantial homes, and also the Northeast Mississippi Junior College, with 600 students.

It was further testified that an extension of the city limits with the consequent increase in population, would constitute an inducement to industry and to members of the medical profession to supply an evident need. The objectors minimize both the needs and the ability of the town to meet them, while the testimony for the town emphasized both the necessity and its capacity to furnish such improvements.

One of the assignments of error is levelled at the incompetency of testimony that the enlargement of the area and of the population would be an inducement to industry and to the accession of needed professional services. This testimony was relevant to the issue of relative advantage and disadvantage upon which the issue of reasonableness is to be resolved. It was testified that the acquisition of new industries would, by furnishing employment to a substantial number of workers, increase both the population and the extent of additional services. We think this testimony was relevant and competent.

It is argued that in view of the fact that the utilities of light and water are being furnished by private corporations, this should not be credited to the town as an extension of its services. Kennedy v. City of Kosciusko, supra, is cited as stressing the fact that the

city was already furnishing light and school facilities. We do not think that this distinction is basic. In the instant case these facilities are furnished by private corporations but in conjunction with aid rendered by the town and under its supervision. Most of the residents in the added area are employed in or do business in the town and avail of its present facilities.

The ability of the town to furnish these improvements is the only issue which can be adjudged in the light of mathematical calculation. The present assessed value of the town is $1,300,000. It is testified that the real and personal assessment of property in the new area is $119,980. The proposed area would, therefore, have a total assessment of approximately $1,420,000. The limit of bonds exclusive of revenue bonds which could be issued by the town, as enlarged, being 15% of such assessment, the total sum available from the issuance of nonrevenue bonds would therefore be approximately $213,000. There are at present outstanding bonds in the sum of $127,000. This would mean that additional bonds in the sum of $86,000 could be issued, and, of course, revenue bonds for utilities, etc., could be issued in addition to this under Section 3600, Code of 1942.

It is testified that the cost of necessary additional facilities would be $143,217. The jury had the right to take into account the practical necessity of extending new improvements gradually and the probability that existing bond issues would be reduced during a reasonable period of extension so that ultimately the entire new area would be supplied reasonably.

The realty assessment in the new area was testified to be $90,690. Such estimate, of necessity, must have come from the state and county assessment rolls, and in view of the fact that there were about 255 substantial homes in this area, this figure represents an average realty assessment of approximately $355 upon such homes, even if the assessment of vacant property be left out of

view. From common experience and from an inspection of the photographic exhibits showing some of these subdivisions, the jury could well have assumed that a proper municipal assessment would greatly exceed this rather conserative average.

We are of the opinion that the principles laid down in Forbes v. City of Meridian, 86 Miss. 243, 38 So. 676, Walker v. Town of Waynesboro, supra, and Kennedy v. City of Kosciusko, supra, control here. We conclude that the issue of reasonableness was properly raised and presented, and we are unable to say that the verdict of the jury is without substantial support.

Affirmed.