242 So.2d 686 (1970)
TEXAS GAS TRANSMISSION CORP., a Delaware Corp.,
v.
CITY OF GREENVILLE, Miss., a Municipal Corp.
No. 46181.
Supreme Court of Mississippi.
December 7, 1970.
Rehearing Denied January 18, 1971.
*687 Heidelberg, Woodliff & Franks, Otis Johnson, Jr., Jackson, J. Hardie Johnston, III, Owensboro, Ky., for appellant.
Guy Kenner Ellis, Jr., Greenville, for appellee.
RODGERS, Justice:
This is an appeal from a decree of the Chancery Court of Washington County, Mississippi, in favor of the appellee, City of Greenville, Mississippi, against the appellant, Texas Gas Transmission Corporation, in which the court upheld an ordinance of the municipality annexing seven distinct areas adjacent to the city limits of Greenville.
The City had passed an ordinance defining seven distinct areas to be annexed to the City and describing in general terms the proposed improvements to be made in the annexed territory and giving the approximate time when it was thought the improvements could be made. Thereafter, the City filed a petition in the chancery court in compliance with the statutory method of annexation: namely, Sections 3374-10-13, Mississippi Code 1942 Annotated (1956). After notice had been given, numerous objections were filed as provided for in Section 3374-12, Mississippi Code 1942 Annotated (1956). All objections were withdrawn except those of the appellant, Texas Gas Transmission Corporation, and the Tennessee Gas Corporation.
When the case came on for hearing on the date fixed by the court, the City of Greenville, in compliance with Section 3374-13, Mississippi Code 1942 Annotated (1956), proceeded to offer evidence "to show that the proposed enlargement was reasonable." The City offered the testimony of fourteen witnesses, all of them experts in their respective fields of employment. Forty-seven exhibits were made a part of the record and were explained by the various witnesses. The Texas Gas Transmission Corporation introduced six expert witnesses and also produced voluminous exhibits. Of the seven parcels or areas of land sought to be annexed to the City, the real issue is confined to the objection of the appellant to the annexation of parcels numbers 3, 4 and 5 as outlined and described on Exhibit 20 filed by the City. These parcels are areas located adjacent to the present city limits on the east side. They are north and south of Highway 82. The appellant has four and five pipelines crossing these areas carrying natural gas. Area number five is occupied by appellant's compressor station and also allied buildings, including two houses being used by the families of appellant's employees.
The City offered testimony to show that the expansion of the city limits of Greenville, Mississippi, was necessary; that it is a city of approximately 47,000 people located in an area of 8.27 square miles and the addition sought would only increase the City to the total of 11.45 square miles. This area was then compared with other cities of this state with less population. It is shown that the city limits of Greenville as expanded would be much smaller than other similar Mississippi cities. It is also shown that the City cannot expand westward because the City is adjacent to Lake Ferguson on the west; that City is necessarily expanding away from the Lake and in a northeasterly and southeasterly direction and that this expansion encompasses the disputed areas.
*688 The City also offered evidence to show that the City is now in a position to provide reasonable police and fire protection, garbage removal, maintenance of existing streets, school, recreational facilities and improvements in health and sanitary conditions. The City offered testimony to show the need for regulation of noise and health standards of the objector appellant and that all these improvements could be accomplished within five years.
The objector, Texas Gas Transmission Corporation, offered testimony to show that it did not need and did not want any of the alleged improvements offered by the City. Moreover, the City could not use the property it occupied for expansion since objector was already on the land and had its gas pipes laid across the property. The objector contended that it had lights of its own, although it was connected with the City lights for emergency; that it had its own water well, although it was attached to the City water main only for emergency purposes. The witnesses for appellant testified that its firefighting equipment was superior to the firefighting equipment owned by the City; that it did not need the City sewer system because it had its own septic tank; that the sheriff's office took care of its police needs; and moreover, it would have to pay taxes to the City of Greenville if the City expanded in its direction so as to encompass its land and buildings.
The chancellor, after having heard the evidence and having observed the many exhibits introduced, was of the opinion that the over-all view showed conclusively that there was a pressing necessity for the expansion of the city limits of Greenville, Mississippi; that the City growth was moving northeast and southeast; that land areas designated as 3, 4 and 5 were in the path of the City growth. The court expressly held that:
It appears to this court that if the proposed areas of annexation nos. 3, 4, 5 and 6 are not taken in (the city) and especially as to area no. 5, the City of Greenville will have, as it in truth and in fact now has, a hole in a doughtnut insofar as its expansion (is concerned)
Whereupon, the court held that the annexation of the areas in dispute designated in the ordinance was reasonable.
On appeal to this Court, the appellant objector contends (1) that the ordinance is wholly unreasonable insofar as it includes areas 3 and 5; (2) that the ordinance is unreasonable because it takes from appellant benefits by being located out of the City and will put upon appellant burdens without compensation; (3) that the City does not need appellant's land to promote the development of the City; (4) the appellant will not share benefits in common with other inhabitants; (5) that the annexation of the corporate property of appellant would constitute the taking of appellant's property for public use without compensation; (6) that the decree is contrary to law and against the overwhelming weight of the evidence; (7) that the court should have excluded the areas 3 and 5 and all of 4 except a strip near Highway 82.
Although there are many errors assigned, the main thrust of appellant's argument on appeal is based on four primary objections. They are: (1) the appellant does not need the facilities offered by the City because it has its own lights, water well and septic tank; (2) the City does not need the land occupied by the appellant for future development of the City because it is not susceptible of development since it is already occupied by the defendant and the City is not growing in the direction of the appellant's property; (3) the appellant will have to pay taxes, and since it already has the facilities offered by the City, to incorporate its property will be tantamount to the taking of private property for public use without due compensation in violation of its constitutional rights; (4) finally, the decree of the court is against the overwhelming weight of the evidence.
*689 The appellant contends that the chancellor gave no consideration to the reasonableness or unreasonableness of the ordinance as it pertained to or affected objector's property. Appellant objector argues that the chancellor, by expressing his opinion that
* * * Under the authorities, the only question at this time before this Court is whether or not the proposed ordinance of the City of Greenville, Washington County, Mississippi, is reasonable. And further, that this Court is bound under said authorities to consider that question in its entirety; that is to say, that this Court can not consider in this hearing whether or not the proposal of the City of Greenville to annex proposed Annexation Area No. 1 is reasonable or not. It can not consider whether or not the proposal of the City of Greenville to annex Area No. 5 be reasonable or not, and likewise, with the other proposed annexation areas. It must consider the ordinance as a whole. * * *
evidently relied upon the cases of Ball v. City of Louisville, 218 Miss. 867, 56 So.2d 4 (1952), and Forbes v. City of Meridian, 86 Miss. 243, 38 So. 676 (1905), which held that the ordinance extending the city boundary should be considered as an entirety. It is argued that these two cases were decided under Sections 3374 through 3395, Mississippi Code 1942 Annotated (1942), but that these sections were impliedly repealed by Section 3374-33, Mississippi Code 1942 Annotated (1956).
We cannot concur with appellant's premise for two reasons. First, the two cases above cited have not been overruled. They stand for a very salutary rule to aid the courts in the extension of city limits. In Forbes v. City of Meridian, supra, we had this matter under consideration and, in passing on the instructions, we pointed out that (1) a city has the right to extend its limits to include people living within the path of extension without their consent, and the sole question is whether the extension is reasonable or unreasonable; (2) relevant considerations in determining reasonableness are the health and welfare of the citizens within the city and of the citizens within the territory proposed to be annexed; (3) an ordinance is not unreasonable merely because there are vacant lots within the city and vacant lots in the proposed area, nor because a portion of the territory proposed to be annexed is undesirable for one reason or another; (4) the question of benefits accruing to a factory or oil mill by virtue of their proximity to the city is a valid consideration in passing upon the question of reasonableness; and the fact that they have to pay an additional or municipal tax if included in the city limits will not be reason why they should not be included; (5) annexation of property is not the taking or damaging of property owner without authority of law; and the mere extension of city boundaries and the consequent liability to municipal taxation is not a valid objection to extending the city limits.
We think these principles are applicable to the facts in the present case.
Second, we do not believe the statement made by the chancellor in his dictated opinion above challenged by appellant prevented the chancellor from considering the "reasonableness" of including the individual blocks of land into the City while also considering the over-all ordinance as to the reasonable needs of the City. He carefully explained that the growth of the City was moving over and past the areas of land owned by the appellant and he discussed the reasonableness of including each block of land separately.
If it were true that the chancellor only considered the reasonableness of the municipal ordinance as a whole, nevertheless we would be required to affirm his finding because we are convinced from the whole record that he reached the right conclusion. In a case where it is apparent that the decree is supported by the record, this Court will affirm although our conclusions *690 are based on other reasons than those considered by the trial court. Chatham v. Johnson, 195 So.2d 62 (Miss. 1967); Dollar v. Board of Education, Simpson County, 227 Miss. 432, 86 So.2d 489 (1956); Livingston v. Bounds, 212 Miss. 184, 52 So.2d 660, sugg. of error overruled 54 So.2d 276 (1951); Lee v. Memphis Pub. Co., 195 Miss. 264, 14 So.2d 351, 152 A.L.R. 1428 (1943); Carr v. Miller, 162 Miss. 760, 139 So. 851 (1932).
The argument that the appellant, Texas Gas Transmission Corporation, does not need the municipal services offered by the City is not well taken because it already uses the water and light service as a "standby for emergency purposes." It uses other facilities and its employees use various City services. The facilities offered by the City are to be installed within a reasonable time.
The argument that the City cannot develop appellant's land overlooks the fact that the City may need to control the activity on this property in order to safeguard the health and convenience of other municipal citizens. Specifically, the health hazard that may be caused by an inadequate sewer system used by the appellant, as well as the noise generated by appellant's plant, may require municipal control in order to safeguard the citizens of the City around and beyond the appellant's plant.
The argument that appellant will not receive benefits commensurate to its increased tax burden is not well taken. We pointed out in Kennedy v. City of Kosciusko, 203 Miss. 4, 33 So.2d 285 (1948), on this exact issue, that:
* * * Even so it (taxation) would in any event have to be so disproportionate to the compensating benefits as to become unreasonable. * * * (203 Miss. at 9, 33 So.2d at 286)
All citizens have to pay taxes in order for the government to protect property, to offer services to the citizens and to promote the general welfare of the community. When villages become cities they necessarily expand their city limits, and in so doing, they take into the city the property of persons and corporations who have established themselves near the city for business reasons. The fact that when businesses on the outskirts of a city have to pay taxes to the city when they become a part of the city is not a valid reason to prevent the normal expansion of the city. The normal expansion of a city is not the taking of private property without just compensation, as suggested by appellant. Forbes v. City of Meridian, supra.
This Court has attempted to point out criteria by which to determine the reasonableness in city expansion cases in the case of Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960). We said that the reasonableness of city expansion might be determined by (1) the city's need for expansion; (2) whether the area to be annexed is reasonably within the path of such expansion; (3) the potential health hazard from sewage and water disposal: (4) the city's financial ability to make improvements and furnish municipal services as promised.
It is apparent that the testimony has followed and sustained the requirements set out in Dodd v. City of Jackson, supra.
An examination of the testimony and the many exhibits filed in this case has convinced us that the chancellor reached the right conclusion under the facts here shown.
The decree of the chancery court is, therefore, affirmed.
Affirmed.
ETHRIDGE, C.J., and BRADY, INZER and ROBERTSON, JJ., concur.