450 So.2d 85 (1984)
In the Matter of the EXTENSION OF the BOUNDARIES OF the CITY OF CLINTON, Mississippi:
Marvin MUIRHEAD, J.D. Cox, and Carolyn Moore, et al.
v.
CITY OF CLINTON, Mississippi.
No. 55264.
Supreme Court of Mississippi.
May 9, 1984.
Rehearing Denied May 30, 1984.
*86 Russel D. Moore, III, Moore, Royals & Hartung, Jackson, for appellants.
L. Arnold Pyle, Jerry L. Mills, Pyle, Harris, Dreher & Mills, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and PRATHER and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
This appeal is from a final decree of the Chancery Court, First Judicial District, Hinds County, Mississippi, ratifying and approving an ordinance adopted by the Mayor and Board of Aldermen of the City of Clinton dated February 2, 1982. The appellants have assigned the following errors in the trial below:
(1) The City of Clinton has totally failed to show any need to expand.
(2) Sections 15, 16, 17 and 18, Township 6 North, Range 1 West, being the north and northeast area of the presently existing City of Clinton boundaries are not reasonably in the path of Clinton's growth pattern.
(3) The evidence did not disclose any health hazards existing in Sections 15, 16, 17 and 18, Township 6 North, Range 1 West, and hence does not constitute a basis to justify annexation.
(4) The City of Clinton has failed to demonstrate a financial capability to make the improvements and provide municipal services as promised.
(5) Sections 15, 16, 17 and 18, Township 6 North, Range 1 West, have no need of the services offered by the City of Clinton.
(6) The lower court erred in overruling appellant's motion to reopen for the purpose of introducing newly-discovered evidence.
The City of Clinton was comprised of 6,238 acres prior to the proposed annexation, and the area ordered to be annexed constitutes 9,310.7 acres. After a lengthy hearing, the chancellor rendered the following opinion, which states the facts of the case and the basis of the decree:
"At a regular meeting of the Board of Aldermen of the City of Clinton, Mississippi held on February 2, 1982 an ordinance was duly enacted extending and enlarging the corporate limits of the City. The said ordinance was published according to law in the Clinton News, the newspaper having a general circulation in the City of Clinton and Hinds County, Mississippi. On February 11, 1982 the City filed its petition in this Court for ratification, approval and confirmation of the ordinance. A certified copy of the ordinance, together with the requisite map was attached to the petition. The ordinance defines with certainty the territory proposed to be included in the corporate limits.
"In accordance with the terms and provisions of Section 21-1-27 Mississippi Code of 1972, the ordinance in general terms described the proposed improvements to be made in the territory proposed for annexation, the manner and extent of such improvements *87 and the approximate time within such improvements are to be made. It is stated that the City shall make the following improvements in the territory proposed for annexation within a reasonable time, not to exceed five years from the effective date of the ordinance, unless delayed by war or military preparedness: A. Improve existing streets and drainage; B. Install water lines, water service, sewage disposal lines, sewage treatment facilities, and street lighting where necessary and economically feasible; C. Said services to be furnished in the same manner and to the same extent as such services are being furnished to the present citizens of the municipality.
"The ordinance further sets out a statement of the municipal or public services which the City proposes to render in the annexed territory and to the same extent as such services are being furnished to the present citizens of the municipality, such services to begin on the effective date of the ordinance, to-wit: A. Police protection; B. Fire protection; C. Garbage removal; D. Trash and other debris removal; E. Pest control; F. Maintenance of existing streets; G. The right to exercise the ballot in municipal elections upon registering and meeting all statutory and constitutional requirements and upon approval under the Voting Rights Act of 1965, and the use and benefits of all other municipal services and facilities furnished all present citizens of the municipality of the City of Clinton, Mississippi; including, but not limited to the use of its public parks, recreational facilities, the use of the library facilities, and the use and benefit of all other municipal services and facilities furnished by the City of Clinton to all of the present citizens of the municipality.
"On February 16, 1982 this Court entered an order fixing the date for hearing for said petition; that is to say, April 27, 1982. Thereupon, notice to all persons interested in, affected by, having objections to, or being aggrieved by the ordinance was given by publication according to law. Further notice by posting was given in the manner prescribed by statute.
"The Court finds that the ordinance and the petition for ratification or approval and confirmation thereof are in accord with the provisions of the statute in such cases made and provided.
"Of the people living in the territory sought for annexation approximately thirty individuals signed the objections filed in this cause. No industries filed any objection.
"A joint Answer of the Clinton Municipal Separate School District and the Hinds County School District was filed. The basis of this Answer was a Consent Decree that had been entered in the United States District Court for the Southern District of Mississippi, Jackson Division, in Civil Action Cause Number 4075(J). The effect of this Consent Decree is to fix the boundaries of the Clinton Municipal Separate School District. All of that part of the territory sought for annexation which lies outside of the Clinton Municipal Separate School District as fixed by the Consent Decree will be excluded in the territory to be annexed.
"Thereafter, the large number of individuals, approximately seventy-five living in Section 22, Township 6 North, Range 1 West, Hinds County, Mississippi, petitioned for inclusion into the City of Clinton, Mississippi.
"Thereafter, the City of Jackson, Mississippi filed an Objection with respect to Sections 15 and 22 of Township 6 North, Range 1 West, Hinds County, Mississippi and that territory south of the railroad right-of-way which is immediately to the north of and roughly parallel with McRaven Road as shown on a map which is attached to the Objection as Exhibit A.
"It should be noted that most of the objectors live in Section 17, Township 6 North, Range 1 West, Hinds County, Mississippi. This section lies immediately to the north of the present city limits of the City of Clinton.
"After hearing motions and other preliminary matters and after depositions this *88 case came on for hearing on the merits. The testimony was concluded and the matter was taken under advisement to afford the Court time to review the testimony and for the parties who desired so to do to file briefs.
"The burden of proof was on the municipal authorities to show that the proposed enlargement is reasonable. Section 21-1-33, Mississippi Code 1972.
"In a proceeding under Section 21-1-33 the Chancery Court is governed entirely by and its powers are limited to the language of the statute. It is empowered, (1) to approve, ratify and conform the ordinance if found to be reasonable; (2) to modify the proposed enlargement for contraction by decreasing the territory to be included or excluded, or (3) to deny in toto the proposed enlargement or contraction if found to be unreasonable.
"The maps, charts and other exhibits as well as oral testimony shows the following: Area one is situated to the east of the City of Clinton and to the west of the City of Jackson. This is an area where the City of Jackson objects to the City of Clinton expanding. This area is Section 15 and 22, Township 6 North, Range 1 West. Most of the people living in this area signed a petition for inclusion in the expansion. This area is at the present time not included in either the City of Jackson or the City of Clinton and while Section 15 has very few people living in it at the present time these people will have a substantial savings in their fire insurance. They have asked to be included and in the Court's opinion this area is reasonably in the path of the growth of the City of Clinton and the Court is of the opinion that the annexation of this parcel would be reasonable.
"Area two would be that area which lies immediately to the north of the present city limits of the City of Clinton. This area is where the strongest objection is made to inclusion. The basic reason for the objection is that this area or at least part of this area and really a small part is presently developed, has adequate streets, possibly not as good as could be provided by the City of Clinton. The objectors in this area are actually very few when the entire area is considered. The objectors in this area basically live around Spring Lake. Virtually all of the lots around Spring Lake have been developed, residents are located thereon, they have water and septic tanks. They feel that they have adequate fire and police protection. Of this area two of the objectors live in a small area and to exclude any part of area two would be in effect create an island to be located surrounded by the City of Clinton but being outside the City of Clinton itself even though these people object to the annexation of part of this parcel. The Court finds that the annexation of this entire parcel to be reasonable.
"Area three is located to the west of the present city limits of the City of Clinton, Mississippi. It is primarily commercial and is partially developed. This area has no objection to the annexation except one objection and that is an objection of John Hulesebosch. This objector's property is located in the immediate southwest corner of this area. All of the land sought to be annexed which lies to the west of the present city limits immediately with the exception of the property owned by objection John Hulesebosch, the Court finds to be reasonable. The area owned by John Hulesebosch has already been excluded by Order of this Court dated February 2, 1983. This land is vacant or if it is not vacant it has only one residence located thereon. For the reasons stated, this area will be excluded.
"Area four is located to the south of the present city limits of the City of Clinton, Mississippi. No individual objectors have objected to the expansion of the City. However, this is an area where the City of Jackson has objected. Some of this land actually lies to the west of the present City of Clinton. It does not at the present time adjoin the City of Jackson but it appears that it is at least two miles from the present City of Jackson. Seven objectors live in this area: the objectors being George Miles, Gladys Miles, H.B. Nicholas, *89 Charles and Lanata Sullivan, Nelson and Lavene McCarty. The expansion into this area is reasonable except for the property of objectors, George Miles, Gladys Miles, H.B. Nicholas, Charles and Lanata Sulliva, Nelson and Lavene McCarty, who live in this area. Actually, the City of Clinton has very little to offer since this land is within the flood plain or most of it is in the flood plain and accordingly they will be excluded from the territory sought to be annexed as heretofore mentioned. That area which is included in the description of the property described in Civil Action 4075(J) as heretofore mentioned will likewise be excluded. The George Miles, et al property as shown on Exhibit O-GM6, all of that land will be excluded.
"While the objectors offered testimony to show that they do not want any of the improvements offered by the City of Clinton as they presently have lights, water, they feel adequate fire protection, septic tanks, and, of course, they would have to pay taxes to the City of Clinton if the City expanded in their direction. The Supreme Court of the State of Mississippi found this argument not to be well taken. See Texas Gas Transmission Corporation v. City of Greenville, 242 So.2d 686 [(Miss.)]. The Supreme Court has also found that the arguments that these objectors would not receive benefits commensurate to the increased tax burden was not well taken. See Kennedy v. The City of Kosciusko, [203 Miss. 4] 33 So.2d 285.
"There is adequate testimony that the City of Clinton has sufficient financial abilities to pay for the improvements sought. The City of Clinton has found that the expansion herein sought is in and as required by the public convenience and necessity. The record reflects and the Court finds that the City has met the burden of proof of public convenience and necessity for the expansion as heretofore set forth. The Court finds that the enlargement herein sought is reasonable, that reasonable public and municipal services would be rendered in the annexed territory within a reasonable time, that the improvements set out in the ordinance will be completed within a reasonable time not to exceed five years from the effective date of the ordinance.
"A judgment will be drawn and submitted approving, ratifying and confirming the proposed enlargment. Said judgment shall contain a description of the territory annexed. A map or plat of the territory so approved ratifying and confirming for annexation will be filed among the papers in this cause.
"THIS the 29th day of April, 1983."
The appellants and the appellee cite Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960), which sets forth the following criteria for a municipal expansion case:
(1) the city's need for expansion; (2) whether the area to be annexed is reasonably within the path of such expansion; (3) the potential health hazard from sewage and water disposal; and (4) the city's financial ability to make improvements and furnish municipal services as promised. Texas Gas Transmission Corp. v. City of Greenville, 242 So.2d 686, 690 (Miss. 1971).
Appellee contends that the proof established the requirements of Dodd, while appellants argue to the contrary. After carefully considering the record in the case, consisting of eight (8) volumes and numerous exhibits, we cannot say that the chancellor was manifestly wrong in his finding and, in our opinion, there are no reversible errors in the record. Extension of Boundaries (Wise) v. City of Biloxi, 361 So.2d 1372 (Miss. 1978); Clark v. Magee, 234 Miss. 252, 105 So.2d 753 (1958); and Jones v. City of Hattiesburg, 207 Miss. 491, 42 So.2d 717 (1949).
Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
DAN M. LEE, J., not participating.